UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

17 West Pine Street, LLC

  Debtor.
_____/

Chapter 11
Case No. 6:12-bk-09306-ABB

## DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION

**Dated October 2, 2012**

  David R. McFarlin
  Florida Bar No. 328855
  Wolff, Hill, McFarlin & Herron, P.A.
  1851 W. Colonial Drive
  Orlando, FL 32804
  Telephone (407) 648-0058
  Facsimile (407) 648-0681
  dmcfarlin@whmh.com

  Attorneys for Debtor and
  Debtor in Possession

**TABLE OF CONTENTS**

**ARTICLE I -- DEFINITIONS - INTERPRETATION**..................................................1
    A.    Definitions.........................................................................................1
    B.    Bankruptcy Code Definitions .................................................................4
    C.    Interpretation......................................................................................4

**ARTICLE II -- TREATMENT AND CLASSIFICATION**
**OF CLAIMS AND INTERESTS**................................................................................4
    A.    General Rules of Classification .............................................................4
    B.    Unimpaired .........................................................................................4
    C.    Impaired ............................................................................................5
    D.    Allowed Priority Tax Claims...................................................................7
    E.    Allowed Administrative Claims ..............................................................7
    F.    Impairment/Classification Controversies...................................................8

**ARTICLE III -- EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ..........8

**ARTICLE IV -- ACCEPTANCE OR REJECTION OF PLAN;**
**EFFECT OF REJECTION BY ONE OR MORE CLASSES** ....................................8
    A.    Classes Entitled to Vote........................................................................8
    B.    Class Acceptance Requirement..............................................................8
    C.    Cramdown..........................................................................................8

**ARTICLE V -- MEANS FOR IMPLEMENTATION OF PLAN** ...............................9
    A.    Funding Agreement .............................................................................9
    B.    Continued Existence ............................................................................9
    C.    Restated Articles of Organization............................................................9
    D.    Revesting of Assets..............................................................................9
    E.    Assumption of Liabilities.......................................................................9
    F.    Avoidance Actions...............................................................................9

**ARTICLE VI -- PROVISIONS GOVERNING DISTRIBUTION**..............................9
    A.    Pro Rata Distribution ...........................................................................9
    B.    De Minimis Distributions ......................................................................9
    C.    Distribution Date.................................................................................10
    D.    Disbursing Agent ................................................................................10
    E.    Cash Payments ...................................................................................10
    F.    Delivery of Distributions ......................................................................10
    G.    Time Bar to Cash Payments...................................................................10

**ARTICLE VII -- PROCEDURES FOR RESOLVING AND TREATING CONTESTED CLAIMS** ............................................................... 11
    A.    Objection Deadline ................................................................... 11
    B.    Prosecution of Objections ......................................................... 11
    C.    No Distributions Pending Allowances ....................................... 11
    D.    Escrow of Allocated Distributions ............................................ 11
    E.    Distributions After Allowance .................................................. 11
    F.    Distributions After Disallowance .............................................. 11

**ARTICLE VIII -- TRUSTEE FEES** .............................................................. 12

## EXHIBITS

Exhibit A - Unsecured Note
Exhibit B -  Funding Agreement

17 West Pine Street, LLC  the above-named Debtor, has filed this Plan pursuant to Section 1121 of the Bankruptcy Code.

## ARTICLE I -- DEFINITIONS - INTERPRETATION

**A.** **Definitions**.  For purposes of this Plan, the following definitions shall apply unless the context clearly requires otherwise:

1. Administrative Expense shall mean a cost or expense of administration of the Chapter 11 Case allowed under §§503(b) and 507(a)(2) of the Bankruptcy Code.

2. Allowed when used with respect to a Claim or Interest, shall mean a Claim or Interest (a) proof of which was filed with the Bankruptcy Court on or before the Bar Date, and (i) as to which no objection has been filed by the Objection Deadline, unless such Claim or Interest is to be determined in a forum other than the Bankruptcy Court, in which case such Claim or Interest shall not become allowed until determined by Final Order of such other forum and allowed by Final Order of the Bankruptcy Court; or (ii) as to which an objection was filed by the Objection Deadline, to the extent allowed by a Final Order; (b) allowed by a Final Order; or (c) listed in the Debtor's schedules filed in connection with this Chapter 11 Case and not identified as contingent, unliquidated, or disputed.

3. Bankruptcy Rules mean the Federal Rules of Bankruptcy Procedure, as amended, and as supplemented by the Local Rules of Practice and Procedure of the Bankruptcy Court, as amended.

4. Bar Date shall mean the date fixed by order of the Bankruptcy Court by which a proof of Claim or Interest must be filed against the Debtor.

5. Bankruptcy Code shall mean 11 U.S.C. §101 et seq., and any amendments thereto.

6. Bankruptcy Court shall mean the United States Bankruptcy Court, Middle District of Florida, Orlando Division, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

7. Business Day shall mean any day except Saturday, Sunday, or any legal holiday.

8. Chapter 11 Case shall mean the above reference Chapter 11 reorganization case of the Debtor pending in the Bankruptcy Court.

9. Claim shall mean, as defined in §101(5) of the Bankruptcy Code: (a) any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such

breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

10. Class means a group of Claims of Interests substantially similar to each other as classified under this Plan.

11. Confirmation Date shall mean the date of entry of the Confirmation Order.

12. Confirmation Order shall mean the order entered by the Bankruptcy Court confirming the Plan.

13. Contested when used with respect to a Claim or Interest, shall mean a Claim or Interest that is not an Allowed Claim or Interest.

14. Disallowed when used with respect to a Claim or Interest, shall mean a Claim or Interest to the extent 10 days has expired since it has been disallowed by order of the Bankruptcy Court, unless proper application for a stay of such order has been made within such 10 day period, in which case the Claim or Interest shall be disallowed 30 days after entry of the order disallowing such Claim or Interest, unless prior to the expiration of such period, a stay is obtained with respect to the order disallowing the Claim or Interest.

15. Disclosure Statement means the disclosure statement of the same date as this Plan that was filed by the Debtor and approved by the Bankruptcy Court pursuant to Bankruptcy Code Section 1125 and any amendments thereto, including all exhibits.

16. Distribution Date when used with respect to each Claim or Interest shall mean as soon as practicable after the later of (a) the Effective Date, or (b) the first Business Day of the next calendar month after the date upon which the Claim or Interest becomes an Allowed Claim or Interest, unless the Claim or Interest becomes an Allowed Claim or Interest within fifteen days before the first Business Day of the next calendar month, in which case the Distribution Date shall be the first Business Day of the next succeeding calendar month.

17. Effective Date shall mean: (a) if no stay of the Confirmation Order is in effect, then the date which a Business Day selected by the Debtor which is not more than thirty (30) days following the date of the Confirmation Order; or (b) if a stay of the Confirmation Order is in effect, then the date which is a Business Day selected by the Debtor which is not more than thirty (30) days following the date the stay is vacated or any appeal, rehearing, remand or petition for certiorari is resolved in a manner that does not reverse or materially modify the Confirmation Order.

18. Final Order means an order of the Bankruptcy Court, which order shall not have been reversed, stayed, modified or amended and the time to appeal from or to seek review or rehearing of such order shall have expired and which shall have become final in accordance with applicable law.

19. <u>Funding Agreement</u> means the funding agreement in the form attached hereto.

20. <u>Interest</u> means the equity interests in the Debtor.

21. <u>Notes</u> means the Unsecured Notes and Tax Notes issued under the Plan.

22. <u>Objection Deadline</u> means the date by which objections to Claims and Interests must be filed with the Bankruptcy Court which shall be 30 days after the Confirmation Date, unless otherwise extended by the Bankruptcy Court.

23. <u>Other Secured Claims</u> means any Secured Claim except the Secured Claims separately classified under the Plan.

24. <u>Petition Date</u> shall mean July 9, 2012, the date on which the petition for relief was filed in the Chapter 11 case.

25. <u>Plan</u> shall mean this Chapter 11 plan, as amended in accordance with the terms hereof or modified in accordance with the Bankruptcy Code.

26. <u>Priority Non-Tax Claim</u> shall mean a Claim entitled to priority pursuant to §§507(a)(3), 507(a)(4),  507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code.

27. <u>Priority Tax Claim</u> shall mean a Claim entitled to priority pursuant to §507(a)(8) of the Bankruptcy Code.

28. <u>Pro Rata Share</u> means the ratio that the amount of a particular Allowed Claim or Interest bears to the total amount of Allowed Claims or Interests of the same class, including Contested Claims or Interests, but not including Disallowed Claims or Interests, as calculated by the Debtor as of the Distribution Date.

29. <u>Secured Claim</u> shall mean a Claim secured by a lien against property in which the Debtor has an interest, or which is subject to setoff under §553 of the Bankruptcy Code to the extent of the value (determined in accordance with §506(a) of the Bankruptcy Code) of the interest of the holder of such Claim in the Debtor's interest in such property or to the extent of the amounts subject to such setoff, as the case may be.

30. <u>Tax Notes</u> means the promissory notes to be issued under the Plan to holders of Allowed Priority Tax Claims.

31. <u>Unsecured Claim</u> means a Claim other than an Administrative Expense, a Priority Non-Tax Claim, a Priority Tax Claim, or a Secured Claim.

32. <u>Unsecured Notes</u> means the promissory notes to be issued under the Plan to holders of Allowed Unsecured Claims.

B. **<u>Bankruptcy Code Definitions</u>**. Definitions in the Bankruptcy Code and Bankruptcy Rules shall be applicable to the Plan unless otherwise defined in the Plan. The rules of construction in Bankruptcy Code §102 shall apply to the Plan.

C. **<u>Interpretation</u>**. Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of, or exhibit to, the Plan, as the same may be amended, waived, or modified from time to time. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender. As to contested matters, adversary proceedings, and other actions or threatened actions, this Plan and the Disclosure Statement shall not be construed as a stipulation or admission, but rather, as a statement made in settlement negotiations.

## ARTICLE II -- TREATMENT AND CLASSIFICATION OF CLAIMS AND INTERESTS

Claims against and Interests in the Debtor will be classified and treated as follows except to the extent otherwise agreed.

A. **<u>General Rules of Classification</u>**. Generally, a Claim or Interest is classified in a particular Class only to the extent the Claim or Interest qualifies within the description of the Class, and is classified in another Class or Classes to the extent any remainder of the Claim qualifies within the description of such other Class. If a Claim qualifies for inclusion in a more specifically defined Class, then the Claim shall be included only in the more specifically defined Class. Notwithstanding anything contained herein to the contrary, if a Claim is not allowed, then the Debtor is not bound by any classification made or implied herein.

B. **<u>Unimpaired</u>**. The following Classes of Claims are unimpaired and the Plan does not alter the legal, equitable, or contractual rights of the holders of such Claims:

<u>Class I - Allowed Other Secured Claims</u>. This Class consists of Secured Claims not otherwise classified under the Plan, including Claims secured by security deposits held by utilities. Debtor is not aware of any material Claims in this Class.

<u>Class II - Allowed Non-Tax Priority Claims</u>. This Class consists of Claims entitled to priority under Code sections 507(a)(1)-(7), except Administrative Expenses. Debtor is not aware of any material claims in this Class. Holders of such Claims shall receive on account of such Claims, cash in the amount of such Claims.

<u>Class III - Allowed Secured Claims for Real Property Taxes</u>. The holder of the Claims will receive cash in the amount of the Allowed Secured Claim or the Claim will be paid before past due.

**C.    Impaired Claims.**  The following Claims are impaired:

Class IV - Allowed Secured Claim of First Southern Bank. The holder of the Allowed Secured Claim will receive on account of the Allowed Secured Claim:

1. <u>Over Secured.</u>  There shall be allowed to the holder of the Allowed Secured Claim, interest on such claim and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such Claim arose.

2. <u>Liens.</u> Holder of the Allowed Secured Claim shall retain each of its liens on the property securing the Allowed Secured Claim.

3. <u>Interest Rate.</u> Interest shall accrue on the Allowed Secured Claim from the Effective Date at a rate of 5%.

4. <u>Payment</u>. Holder shall receive payment on account of the Allowed Secured Claim as follows:

   a. Equal monthly payments of principal and interest based on a 25 year amortization, commencing 30 days after the Effective Date and on the same date of each month thereafter; and

   b. balloon payment for the entire remaining principal balance, accrued interest, and any applicable late charges and attorneys' fees and costs accruing after the Effective Date is due fifteen(15) months following the Effective Date.

5. <u>State Court Action.</u> Action in the Florida Circuit Court against Debtor and guarantors of obligations of Debtor, case no 2012-CA-6504-O in the 9th Judicial Circuit in and for Orange County, FL, shall be abated. If Debtor defaults in performance of obligations to holder of the Allowed Secured Claim under the terms of the Plan, then holder may pursue enforcement of the Allowed Secured Claim in accordance with applicable non-bankruptcy law and Debtor waives and releases any and all setoffs, defenses, and counterclaims arising out of, related to, or in connection with the Allowed Secured Claim. If Debtor timely performs all obligations to holder under the Plan, then the state court action shall be dismissed.

6. <u>Reaffirmation of Loan Documents</u>. Except as modified by the Plan, Debtor reaffirms, ratifies, and incorporates all terms of the loan documents evidencing and applicable to the Allowed Secured Claim. Debtor shall execute such additional documents as may be necessary to carry out the provisions of the Plan.

7. <u>Property Taxes.</u>  On the Effective Date Debtor shall pay Debtor's property taxes for years 2010 and 2011. Property taxes for years after 2011 shall be paid before the taxes become past due.

8. <u>Subsequent Bankruptcy Case</u>. Debtor shall not file another case under the Bankruptcy Code until the longer of: i) 18 months following the Petition Date; and ii) until Debtor has complied with all obligations to Bank under the Plan. If Debtor files a bankruptcy case contrary to the provisions of this paragraph, then holder of the Allowed Secured Claim shall have relief from the stay to enforce all in rem remedies regarding the property securing the Allowed Secured Claim.

9. <u>Insurance Proceeds</u>. Any insurance proceeds received by Debtor for claims relating to the property that secures the Allowed Secured Claim shall, at the option of Debtor be disbursed as follows: i) to repair such property ; ii) for payment of property taxes; or c) applied against the principal amount of the Allowed Secured Claim.

<u>Class V – Allowed Secured Claim of James Katsur.</u> The holder of the Allowed Secured Claim will receive on account of the Allowed Secured Claim:

1. <u>Liens.</u> Holder of the Allowed Secured Claim shall retain each of its liens on the property securing the Allowed Secured Claim.

2. <u>Interest Rate.</u> Interest shall accrue on the Allowed Secured Claim from the Effective Date such that the holder of the Claim will receive on account of such Claim deferred cash payment totaling at least the allowed amount of such claim, of a value, as of the Effective Date, of at least the value of such holder's interest in the estate's interest in the property securing the Claim.

3. <u>Payment</u>. Debtor shall make payment on account of the Allowed Secured Claim as follows:

a. Equal monthly payments of principal and interest based on a 25 year amortization, commencing 30 days after the Effective Date and on the same date of each month thereafter; and

b. balloon payment for the entire remaining principal balance, accrued interest, and any applicable late charges and attorneys' fees and costs accruing after the Effective Date is due fifteen(15) months following the Effective Date.

4. <u>Reaffirmation of Loan Documents</u>. Except as modified by the Plan Debtor reaffirms, ratifies, and incorporates all terms of the loan documents evidencing and applicable to the Allowed Secured Claim. Debtor shall execute such additional documents as may be necessary to carry out the provisions of the Plan.

<u>Class VI - Allowed Unsecured Claims</u>. The holders of such Claims shall receive on account of such Claims a Pro Rata Share of Unsecured Notes. The following is a summary of terms of the Unsecured Notes:

6

       1.    <u>Principal</u>.  The lesser of: (a) the amount of Allowed Unsecured Claims; and (b) 25,000.00.

       2.    <u>Security</u>.  Unsecured.

       3.    <u>Interest</u>.  None.

       4.    <u>Payment</u>.

         a.    Pro Rata share of equal monthly installments based on a 60 month amortization commencing thirty days after the Distribution Date and on the same date of each month thereafter.

         b.    balance due is 15 months after Effective Date.

       5.    <u>Form</u>.  The form of the Unsecured Note is attached to the Plan.

    <u>Class VII - Allowed Interests</u>.  The members of Debtor are Christopher Weising and Rene Weising.  The Interests of the member will be cancelled.  The members shall not receive or retain any property on account of such Interest.

    **D.**    **Allowed Priority Tax Claims**.  The holders of Allowed Priority Tax Claims will receive on account of such Claims:

       1.    <u>Principal</u>. Equal to the amount of the Allowed Priority Tax Claims.

       2.    <u>Security</u>.  Unsecured.

       3.    <u>Interest</u>.  The rate determined under applicable non-bankruptcy law as of the calendar month in which the Plan is confirmed.

       4.    <u>Payment</u>.  Equal monthly payments of principal and interest commencing 30 days after the Effective Date and on the same date of each month thereafter over a period not exceeding 5 years following the Petition Date.

       5.    <u>Form</u>.  The form of the Tax Note is attached to the Plan.

    **E.**    **Allowed Administrative Claims**.  Except to the extent otherwise specified in the Plan, each holder of an Allowed Administrative Expense against the Debtor shall receive on account of such Claim, the amount of such holder's Allowed Expense in one cash payment on the Distribution Date, or shall receive such other treatment as agreed upon in writing by the Debtor and such holder; provided that an Administrative Expense representing a liability incurred in the ordinary course of business by the Debtor may be paid in the ordinary course of business by the Debtor.

**F.    Impairment/Classification Controversies**.  If there is a controversy regarding the classification or impairment of a Claim or Interest, then such controversy shall be determined by the Bankruptcy Court after notice and a hearing.

## ARTICLE III -- EXECUTORY CONTRACTS AND UNEXPIRED LEASES

In addition to executory contracts and unexpired leases previously assumed or rejected by the Debtor pursuant to Final Order of the Bankruptcy Court, the Plan constitutes and incorporates any motion by the Debtor to:

1.    Assume.   Debtor will assume the following executory contracts and unexpired leases:

   a.   Liquid Entertainment, LLC – Lease agreement

   b.   Liquid Entertainment, LLC – Equipment lease agreement

2.    Reject. Debtor shall reject all executory contracts and unexpired leases not listed in subparagraph a. or assumed pursuant to Final Order of the Bankruptcy Court.

If the Bankruptcy Court has not previously entered an order approving assumption, rejection and/or assignment of leases and contracts, then the confirmation order shall constitute an order of the bankruptcy court approving all such assumptions, assignments, and rejections of executory contracts and unexpired leases as of the Effective Date.

## ARTICLE IV -- ACCEPTANCE OR REJECTION OF PLAN; EFFECT OF REJECTION BY ONE OR MORE CLASSES

**A.    Classes Entitled to Vote**.  Each impaired Class of Claims or Interests shall be entitled to vote separately to accept or reject the Plan.  Any unimpaired Class of Claims or Interests shall not be entitled to vote to accept or reject the Plan.

**B.    Class Acceptance Requirement**.  A Class of Claims shall have accepted the Plan if it is accepted by at least two thirds in amount and more than one-half in number of the Allowed Claims of such class that had voted on the Plan.  A Class of Interests shall have accepted the plan if it is accepted by at least two thirds in amount of the Allowed Interests of such Class that had voted on the Plan.  If any ballot is executed and timely filed by the holder of an Allowed Claim or Interest but does not indicate acceptance or rejection of the Plan, then the ballot shall be deemed to be an acceptance.

**C.    Cramdown**.  If any impaired Class of Claims or Interests shall fail to accept the Plan in accordance with Bankruptcy Code §1129(a), then the Debtor reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Bankruptcy Code §1129(b).

## ARTICLE V -- MEANS FOR IMPLEMENTATION OF PLAN

**A.  Funding Agreement.**  The Debtor will close the transaction under the Funding Agreement attached hereto as Exhibit **B**.

**B.  Continued Existence**.  The Debtor shall continue to exist after the Effective Date as a limited liability company in accordance with the laws of the State of Florida.

**C.  Restated Articles of Organization.**  The articles of incorporation and bylaws of Debtor shall be amended as necessary to satisfy the provisions of the Plan and Bankruptcy Code.

**D.  Revesting of Assets**.  The property of the estate of the Debtor shall revest in the Debtor on the Effective Date, except as otherwise provided in the Plan.  On and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code.  As of the Effective Date, all property of the Debtor shall be free and clear of all Claims and Interests, except as specifically provided in the Plan.

**E.  Assumption of Liabilities**.  The liability for and obligation to make the distributions required under the Plan, shall be assumed by the Debtor which shall have the liability for and obligation to make all distributions of property under the Plan.

**F.  Avoidance Actions**.  Causes of action assertable by the Debtor pursuant to Bankruptcy Code §§542, 543, 544, 545, 547, 548, 549, 550, or 553 shall, except as otherwise provided in the Plan, be retained by the Debtor.  Any net recovery realized by a Debtor on account of such causes of action, shall be the property of the Debtor.

## ARTICLE VI -- PROVISIONS GOVERNING DISTRIBUTION

**A.  Pro Rata Distribution**.  Unless otherwise provided in the Plan, for any Class of Claims or Interests that is impaired, the holders of such Claims or Interests shall receive a Pro Rata Share of the property to be distributed to the Class under the Plan.  If, and when, Contested Claims or Interests in any such Class become Disallowed Claims or Interest, the Pro Rata Share to which each holder of an Allowed Claim or Interest in such Class is entitled, shall increase commensurately.  Accordingly, the Debtor, in its sole discretion, shall have the right to make or direct the making of subsequent interim distributions to the holders of Allowed Claims or Interests in such Class to reflect any increases in the Pro Rata Share.  In any event, as soon as practicable after all Contested Claims or Interests in any Class receiving Pro Rata Shares have become either Allowed or Disallowed, a final distribution shall be made to the holders of Allowed Claims or Interests in such Class to account for any final adjustment in the Pro Rata Share of such holders.

**B.  De Minimis Distributions**.  Notwithstanding any other provision of the Plan, there shall be no distribution of less than $20.00 on account of any Allowed Claim or Interest.  If

the Plan contemplates multiple distributions then the distribution shall accrue, without interest, and will be distributed on account of the Allowed Claim or Interest if and when the amount to be distributed equals or exceeds $20.00.

      **C.**    **Distribution Date**.  Unless otherwise specified in the Plan or by order of the Bankruptcy Court:

      1.    Property to be distributed to an impaired Class under the Plan shall be distributed on the Distribution Date.  Distributions to be made on the Distribution Date shall be deemed made on the Distribution Date if made on the Distribution Date or as soon as practicable thereafter, but in no event later than ten (10) Business Days after the Distribution Date.

      2.    Property to be distributed under the Plan to a Class that is not impaired shall be distributed on the latest of: (i) the Distribution Date; and (ii) the date on which the distribution to the holder of the Claim or Interest would have been made in the absence of the Plan.

      **D.**    **Disbursing Agent**.  The Debtor or such disbursing agent as the Debtor may employ, in its sole discretion, shall make all distributions required under the Plan.

      **E.**    **Cash Payments**.  Cash payments made pursuant to the Plan shall be in U.S. funds, by check drawn against a domestic bank, or by wire transfer from a domestic bank.

      **F.**    **Delivery of Distributions**.  Distributions and deliveries to holders of Allowed Claims and Interest shall be made at the addresses set forth on the proofs of Claim or Interest filed by such holders (or at the last known addresses of such holders if no proof of Claim or Interest is filed or if the Debtor has been notified of a change of address).  If any distribution to a holder is returned as undeliverable, then no further distributions to such holder shall be made unless and until the Debtor is notified of the holder's then-current address, at which time all missed distributions shall be made to such holder, without interest.  All Claims for undeliverable distributions shall be made on or before the fifth anniversary of the Distribution Date.  After such date, all unclaimed property shall revert to the Debtor, and the claim of any holder with respect to such property shall be discharged and forever barred.

      **G.**    **Time Bar to Cash Payments**.  Checks issued by the Debtor in respect of Allowed Claims shall be null and void if not cashed within ninety (90) days of the date of issuance thereof.  Requests for reissuance of any checks shall be made directly to the Debtor by the holder of the Allowed Claim with respect to which such check originally was issued.  Any claim in respect of such a voided check shall be made on or before the later of the fifth anniversary of the Distribution Date or ninety (90) days after the date of issuance of such check.  After such date, all claims in respect of void checks shall be discharged and forever barred.

10

# ARTICLE VII -- PROCEDURES FOR RESOLVING AND TREATING CONTESTED CLAIMS

  A. **Objection Deadline**.  Unless extended by the Bankruptcy Court, the Debtor shall file any objections to Claims or Interest no later than thirty (30) days after the Confirmation Date.

  B. **Prosecution of Objections**.  The Debtor shall have authority to file objections, litigate to judgment, settle, or withdraw objections to Contested Claims or Interests.  All professional fees and expenses incurred by the Debtor from and after the Confirmation Date, shall be paid in the ordinary course of business without further order of the Bankruptcy Court.

  C. **No Distributions Pending Allowances**.  No payments or distributions shall be made with respect to any Contested Claim or Interest unless and until all objections to such Claim or Interest are resolved and such Claim becomes an Allowed Claim or Interest.

  D. **Escrow of Allocated Distributions**.  The Debtor shall withhold from the property to be distributed under the Plan, and shall place in escrow, amounts sufficient to be distributed on account of Contested Claims and Interest as of the Effective Date.  As to any Contested Claim, upon a request for estimation by the Debtor, the Bankruptcy Court shall determine what amount is sufficient to withhold in escrow pending Disallowance of the Claim or Interest.  The Debtor shall also place in escrow any dividends, payments, or other distributions made on account of, as well as any obligations arising from, the property withheld in escrow pursuant hereto, to the extent such property continues to be withheld in escrow at the time such distributions are made or such obligations arise.  If practicable, the Debtor may invest any cash it has withheld in escrow in a manner that will yield a reasonable net return, taking into account the safety of the investment.

  E. **Distributions After Allowance**.  Payments and distributions from escrow to each holder of a Contested Claim or Interest, to the extent that such Claim or Interest ultimately becomes an Allowed Claim or Interest, shall be made in accordance with the provisions of the Plan governing the class of Claims or Interests to which the respective holder belongs.  As soon as practicable after the date that the order or judgment of the Bankruptcy Court allowing such Claim or Interest becomes a Final Order, any property in escrow that would have been distributed prior to the date on which a Contested Claim or Interest became an Allowed Claim or Interest shall be distributed, together with any dividends, payments, or other distributions made on account of, as well as any obligations arising from, the property from the date such distributions would have been due had such Claim or Interest then been an Allowed Claim or Interest to the date such distributions are made.

  F. **Distributions After Disallowance**.  If any property withheld in escrow remains after all objections to Contested Claims or Interests of a particular class have been resolved, then such remaining property, to the extent attributable to the Contested Claims or Interests, shall be

11

distributed as soon as practicable in accordance with the provisions of the Plan governing the class of Claims or Interests to which the Disallowed Claim or Interest belong.

## ARTICLE VIII -- TRUSTEE FEES

All fees payable under 28 U.S.C §1930, will be paid when due.

Dated: October 2, 2012.

17 West Pine Street, LLC

By: _____
Christopher Weising, Managing Member

/s/ David R. McFarlin
David R. McFarlin
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, FL  32804
Telephone (407) 648-0058
Facsimile  (407) 658-0681
dmcfarlin@whmh.com

Attorneys for Debtor and
Debtor-In-Possession

12

$_____                              _____, 2012
                                                                                           Orlando, Florida

## **UNSECURED NOTE**

      The undersigned maker promises to pay to the order of _____, of _____, the principal sum of $_____, without interest, payable as follows:

                a.

                b.

      This note is made, executed and delivered under maker's chapter 11 plan of reorganization (the "Plan") in the U.S. Bankruptcy Court, Middle District of Florida, Orlando Division, Case No. 6:12-bk-9306.

      If the maker fails to pay any installment when such installment comes due and does not cure such failure within ten (10) days after written notice of such failure from the holder of this note, then at the option of the holder, the holder may elect to accelerate and declare immediately due and owing the balance of the obligations owing under the note.

                                     17 West Pine Street, LLC


                                     By:_____
                                      Christopher Weising, Managing Member

## **Funding Agreement**

This Agreement is made and entered into the 2nd day of October , 2012, by and between 17 West Pine Street, LLC (the "Debtor") and Christopher Weising or assigns ("Investor").

In consideration of the mutual promises contained herein, the parties agree as follows:

1. <u>Plan of Reorganization</u>.  This Agreement is being entered into in connection with the Debtor's First Amended Plan of Reorganization dated October  2, 2012 ("Plan"), being proposed by the Debtor in a case under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Middle District of Florida, Orlando Division, Case No. 6:12-bk-9306-ABB. The defined terms used in the Plan shall have the same definition when used in this Agreement unless otherwise defined in this Agreement.

2. <u>Effective Date</u>.  This Agreement shall become effective on the Effective Date specified in the Plan.

3. <u>Capital Contribution</u>.  Investor shall make capital contribution to the Debtor, on the Effective Date, to be used to fund obligations under the Plan in an amount equal to $37,500.00 (the Capital Contribution).

4. <u>Conditions Precedent</u>. The obligations of Investor under this Agreement are subject to the following conditions, to be satisfied prior to or on the Effective Date and at the time that each payment of the Capital Contribution is due:

   a.  The Debtor's business will continue to be conducted and managed by the Debtor as Debtor-in-Possession, in the ordinary course;

   b.  The Debtor will not dispose of substantial assets out of the ordinary course of business without the prior consent of the Investor;

   c.  The Plan shall not have been amended or modified without the prior consent of the Investor;

   d.  There shall be no material adverse change in the assets, business, or financial condition of the Debtor between the date of this Agreement and  the Effective Date;

   e.  The Value of Allowed Secured Claims shall not exceed $1.6 million.

**Exhibit B**

     f. The Effective Date shall not occur before November 1, 2012, or after December 1, 2012.

     g. Debtor is not in default under the Plan or any Notes issued under the Plan.

  5. <u>Membership Interests</u>. Membership interests in Debtor shall be issued to the Investors on the Effective Date, such that Investors shall hold 100% of the issued and outstanding Interests.

  6. <u>Deposit</u>. As a condition of the obligations of the Debtor hereunder, Investor shall deposit in escrow with the Debtor, at or prior to the hearing on confirmation of the Plan, a sum equal to ten percent (10%) of the Capital Contribution. The deposit shall be returned to the Investor, without interest, if (a) a condition precedent is not satisfied and Investor makes written demand for return of the deposit; (b) the Agreement is terminated by the Debtor as a result of a higher offer as provided herein; or c) confirmation of the Plan is denied.

  7. <u>Higher Offer</u>. If the Debtor receives a higher offer at or prior to the hearing on confirmation of the Plan, then the Debtor may terminate this Agreement, provided that, all higher offers must (a) comply with the terms of this Agreement; and (b) be in increments not less than $5,000.00 more than any pending offer.

  8. <u>Representations</u>. The Debtor makes no representations or warranties of any kind.

  9. <u>Taxes</u>. Investor shall pay all transfer, stamp or intangible taxes relating to, occurring out of, or in connection with this transaction, if any.

 AGREED to as of the date first set forth above.

17 West Pine Street, LLC

By: _____
Christopher Weising, Managing Member

By: _____
Christopher Weising